No. 218 March 12, 2025 797

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ALLAN EDWARD ALLEN,
*Defendant-Appellant.*

Coos County Circuit Court
20CR48899; A178174

Andrew E. Combs, Judge.

Argued and submitted June 12, 2024.

Kristin A. Carveth, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Kirsten M. Naito, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals a judgment of conviction for two counts of sexual abuse in the first degree, ORS 163.427.[1] On appeal, defendant raises four assignments of error, challenging the trial court's denial of his motion for judgment of acquittal (MJOA) and the trial court's ruling that, if he elicited certain evidence, that evidence would "open the door" to defendant's uncharged misconduct. For the following reasons, we affirm. Because the parties are familiar with the facts, we do not repeat them here, except where necessary for our legal analysis.

*Motion for judgment of acquittal*. In his first through third assignments of error, defendant argues that the trial court erred when it denied his MJOA because the state failed to prove the "sexual contact" element of ORS 163.427.

On review of a motion for judgment of acquittal, "[w]e view the evidence in the light most favorable to the state to determine whether the evidence produced at trial was sufficient to allow a rational trier of fact, drawing reasonable inferences, to find the elements of the alleged crimes beyond a reasonable doubt." *State v. Wallace*, 373 Or 122, 125-26, 561 P3d 602 (2024).

On appeal, defendant argues that the state failed to prove that he had "sexual contact" with the victim, as defined in ORS 163.305(5), because he did not act with "sexual purpose."[2] In considering whether evidence is legally sufficient to establish that a defendant acted with "sexual purpose," we consider "the evidence of the touching" and "other evidence in addition to the circumstances of the touching

---

[1] ORS 163.427 provides, in relevant part:

"(1) A person commits the crime of sexual abuse in the first degree when that person:

"(a) Subjects another person to sexual contact and:

"(A) The victim is less than 14 years of age;

"(B) The victim is subjected to forcible compulsion by the actor[.]"

[2] We observe that defendant's combined argument repeatedly references ORS 163.305(6), which defines "sexual intercourse." However, as relevant here, we understand ORS 163.305(5) to define "sexual contact" as "any touching of the sexual or other intimate parts of a person or causing such person to touch the sexual or other intimate parts of the actor for the purpose of arousing or gratifying the sexual desire of either party."

itself." *State v. Rodriguez/Buck*, 347 Or 46, 56 n 4, 217 P3d 659 (2009).

Here, the victim testified that, when she was 12 years old, defendant touched her vagina, breasts, and buttocks during a "tickle fight" and "massage." He did so after his daughter had left the room and while alone with the victim, and he instructed her to conceal his conduct from her father. Viewing that evidence in the light most favorable to the state, we conclude that a rational trier of fact could determine that defendant acted with a sexual purpose when he touched the victim's sexual parts. The trial court did not err in denying the MJOA.

*Evidentiary ruling.* In his fourth assignment of error, defendant argues that the trial court erred because it ruled that if defendant elicited evidence about a camping trip, that evidence would allow "the state *** to bring up the uncharged misconduct that occurred during the camping trip."

We review a trial court's ruling that a party "opened the door" to otherwise inadmissible evidence for legal error. *State v. Apodaca*, 291 Or App 268, 269, 420 P3d 670 (2018). We defer to "the trial court's explicit and implicit factual findings where there is evidence in the record to support them." *State v. Pryor*, 309 Or App 12, 18, 481 P3d 340, *rev den*, 368 Or 511 (2021).

Prior to trial, defendant moved to exclude evidence of uncharged conduct because it was not relevant and because it was inadmissible under OEC 404. Specifically, defendant asked the court to exclude

> "evidence that, sometime after the alleged criminal incidents herein, [d]efendant, while camping at some hot springs with the alleged victim and others, allegedly took off his swim shorts, exposing his genitals to the alleged victim and others and allegedly commented about his genitals' appearance[.]"

The trial court granted defendant's motion, ruling that "[u]nless the defense otherwise 'opens the door,' the state shall not seek to elicit testimony or otherwise admit evidence regarding such incident."

After that ruling, but again prior to trial, defendant filed a motion *in limine* to "determine whether evidence would 'open the door to otherwise excludable evidence of prior act.'" With that motion, defendant sought an order

> "determining whether presentation of evidence that the alleged victim herein went on a camping trip with her father, Defendant, and his daughter \*\*\* sometime after the alleged criminal incidents herein, would 'open the door' to previously-excluded evidence."

Defendant argued that evidence that the victim rode in a car with defendant to a camping trip would not open the door to the excluded evidence about what occurred on the camping trip. The trial court disagreed and determined that "if the Tokatee camping trip was brought up in any way by the defense," then it would open the door to evidence about defendant's conduct on the camping trip.

Defendant's first trial ended in a mistrial. Prior to the second trial, defense counsel again inquired about introducing evidence that the victim "went on that trip with [defendant]" and his daughter. The trial court determined that its prior ruling stood.[3]

We conclude that the trial court did not err when it determined that defendant's proposed evidence would "open the door" to evidence about defendant's conduct on the camping trip. A party "opens the door" to inadmissible evidence when the party elicits that evidence, thereby permitting the opposing party to inquire about it. *See State v. Miranda*, 309 Or 121, 128, 786 P2d 155 (1990) ("A defendant's own inquiry on direct examination into the contents of otherwise inadmissible statements opens the door to further inquiry on cross-examination relating to those same statements.");

---

[3] It is not entirely clear whether defendant could seek a pretrial ruling that the unspecified testimony would "open the door" to evidence that he had successfully excluded from the trial. In the normal course, a trial court determines whether certain testimony has "opened the door" to otherwise inadmissible evidence after that testimony has been given and when the opposing party seeks to introduce the otherwise inadmissible evidence. This case highlights one of the practical problems with defendant's pretrial approach because defendant did not identify the precise testimony that he sought to elicit. However, because neither the state nor the trial court questioned whether defendant's pretrial motion *in limine* was a legally permissible approach, we assume, without deciding, that it was.

*Black's Law Dictionary* 1311 (12th ed 2024) (defining "opening the door" as "[a]n attorney's conduct or questions that render otherwise inadmissible evidence or objectionable questions admissible").

A party also "opens the door" to inadmissible evidence by introducing evidence or testimony that creates "misleading or unfair impression[s]." *State v. Adonri*, 143 Or App 298, 306-07, 923 P2d 658, *rev den*, 324 Or 488 (1996) (concluding that "the evidence about the child's character for truthfulness directly counterbalances the misleading or unfair impression created for the jury by the admission of inadmissible evidence about defendant's character for truthfulness"). If a party "opens the door" to such evidence, then the opposing party may introduce testimony to "negate, explain or counterbalance any misleading or unfair impression" that "[the] evidence could possibly have caused the jury." *Apodaca*, 291 Or App at 277 (internal quotation marks omitted).

Here, the testimony that defense counsel wanted to elicit was not simply about the victim's purported willingness to ride in a car with defendant; rather, trial counsel represented that the evidence suggested that "she was evidently comfortable enough to go on the camping trip" with defendant and his daughter after the alleged sexual abuse. In affirming its ruling from the first trial, the court reasoned:

> "What is the purpose *** what is the probative value of offering that statement at all? And from my perspective the only probative value is that you are putting out there that whatever she alleged happened at [defendant's] house *** wasn't that bad *** because they *** went somewhere or another *** on a camping trip thereafter, so she couldn't have been that scared of him."

The court further stated, "[I]f what you're doing is, is introducing it for that purpose, then it seems like the state should have the same right to say, '[W]ell let's talk a little bit about what happened on that camping trip.'" Thus, the trial court implicitly found that evidence that the victim went on the camping trip would be misleading and unfair because it would suggest that defendant's prior conduct "wasn't that bad."

Having reviewed the record, we determine that it supports the trial court's explicit and implicit factual findings. With those findings, the trial court did not err in ruling that defendant would "open the door" to evidence about defendant's conduct if he introduced evidence about the camping trip.

Affirmed.